Southard J.
dissented. This action was instituted for the recovery of a penalty, incurred by the violation of one of the revenue laws of the United states. The defendant has pleaded, that this court has not jurisdiction in the matter; and this is the point now to be decided.
It is a familiar principle, that the penal laws of one state or kingdom, cannot be enforced in the courts of another; but it is supposed that the relationship existing between the general and state governments, precludes its application to a case like the present. The organization therefore of these governments, becomes a proper subject of observation.
*41 *Tlie government of the United States, is one of singular construction; yet of very marked and definite limits. The creature, altogether and entirely of compact; its powers as well as its duties and rights, are contained in the instrument by which it was created. It has no power, ib can exercise no right, which is not there given to it. The states are sovereign and independent, and possess every power as such, except so far as they have surrendered their sovereignty and independence, by the compact which they formed with each other. The courts of the states, are subject to control by the federal courts, only to the extent pointed out in the constitution.
Among the powers conferred upon the general government, is to be found, that of raising a revenue from the people of the United States; and consequently of prescribing such means, and imposing such penalties, as shall be necessary and proper to effect this great object. Til regard to this power, it is entirely independent and separate; as little connected with the states, and as totally a distinct government, as if the citizens and subjects of the two, were not the same. As respects the revenue, the people bear to it, a relation, in no way augmented or diminished, by the duties which they owe to the state governments. Nor has it any authority to call upon these governments, to aid it in collecting its revenue. It must find means of its own; its instruments, for this purpose, must belong to itself; they must be its agents and officers.
This would be the ordinary and regular result of the power to which I allude. Does the constitution in any way change this result? Does it authorise the use of officers not its own ? Courts are necessary to enforce its prescribed penalties. But what courts may these be ? If it be a foreign government, considered in reference to the states, it cannot use their courts, as matter of right. If it be not a foreign government, as it is not in all respects, it must use such, as the constitution has authorised. What then has the constitution authorised? Of what does its judicial power consist? The 1st section of the third article answers; “ The judicial power of the United States shall be vested in one Supreme court, and in such *42 Inferior courts, as congress may from time to time ordain establish. The judges, both of the Supreme and Inferior courts, shall hold their offices during good behaviour, and shall at stated times, receive for their services, a compensation *which shall not be diminished during their continuance in office.” And the 2nd section adds: “The judicial power, shall extend to all cases, in law and equity, arising under the constitution, the laws of the United States, and treaties made under their authority,” &c. The language here seems subject to but little cavil. “The judicial power, shall be vested in,” &c. What judicial power? The whole or a part? There is no exception or limitation. It is “ the power,” the whole judicial power. In what is it to be vested ? In the supreme court, and such inferior courts as congress may from time to time ordain and establish. They are to be ordained and established; instituted, formed, modeled, set in office, settled firmly, by congress. Who are to be the judges? Men who hold their offices during good behaviour. Does the Court, in which I sit, in any one respect, answer the description thus given? If it do, I am unfortunate in the view which I take of it. It is neither ordained nor established by congress; nor do its judges hold their offices by the constitutional tenure. Nor do they receive their appointment, in any one of the modes directed by the 2nd section of the second article. But again, to what does this judicial power- extend? It is neither necessary to repeat the language of the constitution ; nor to shew by extensive reasoning, that the case before us comes within it. The power to collect its revenue, and to prescribe penalties for the purpose, exclusively belongs to the general government; the power to decide upon those penalties, must be a part of its judicial authority. The offences to which those penalties attach, are committed against its statutes ; the forfeitures themselves go into its treasury; and no other agency can be made use of, in reference to their collection, than that which is of a federal character.
The conclusion, to my mind, is irresistible. The subject matter in dispute, belongs exclusively to the general government; it comes within the extent and cognizance *43 of its judicial power. That judicial power, can be neither greater nor less than what the constitution described; and this court does not come within the description.
But let us look at the course of reasoning which is supposed calculated to defeat this conclusion. It is said, that when the constitution prescribes the nature and extent of the judicial power, it only gives a permission, but does not impose an obligation, to support it to that extent. That the permission may be waived, *and its rights and duties given to another. It is to be remarked, that this argument is an admission that the state court, wdiich is asked to exercise this jurisdiction, is not & federal court; and is thus far a surrender of the dispute. How can a court, which is not federal, exercise a federal jurisdiction. Its character and jurisdiction, always necessarily agree. While sitting to try this cause, we sit not as a part of the judiciary of the state, but of the general government.
But the argument to which I allude, not only admits against itself, but does not go far enough. It is not sufficient to shew that congress are not obliged to exercise the power given, and may waive the right, but it must be shewn, that they may vest in us a power expressly given to another. It must be remembered, that this is a question of jurisdiction, which can never be conferred by a waiver on one part, and acceptance on the other. A defendant when called to answer criminally, has a right of the most perfect kind, to say to the court, you have no authority to try my offence; and the only answer which can be given, is to shew the authority, to exhibit an express grant of cognizance. It will not avail to answer, that he who had the right to try you, declines doing so, and permits us to exercise the authority. Such an answer, if sufficient, would lead to absurdities, wdiich it is not here necessary to present.
Nor can I comprehend the weight of the suggestion, that jurisdiction like the present, existed in the state courts, before the constitution and laws of the United States were made; and that the statute under which the suit is brought, merely restores it. This notion is totally *44 incorrect: this court never had such a jurisdiction. The of the United States to impose penalties for the collection of its revenue, did not exist, before the government was instituted; how then could jurisdiction over them exist? This court had not, it could not have, the authority to enforce a power, unknown and uncreated. Whatever may be said of the surrender of power, by the states to the general government, there was not, there could not be, any such surrender here. Nothing was taken away; nothing can be restored. Besides, if the idea be correct, that the constitution did withdraw this jurisdiction; how can an act of congress return it?
The expediency of the act of congress, was strongly urged at the bar; but this does not seem to be a very influential consideration, in deciding a question of strict right in the defendant; and of jurisdiction in the court; especially where the United States, by the extension of its judicial agents, have in their own hands, a complete and ample remedy, for any difficulty which may result from a denial of jurisdiction here.
In the view then, which I take of this subject, I am compelled to dissent from my brethren, and to deny that the act of congress gives to this court, any jurisdiction over this cause. Iam not willing to exercise an authority, which I do not perceive clearly within its chartered limits. And although I should hesitate long in other cases, before I should act, on any discrepance which I thought I discovered between a statute and the constitution, yet in a question of power in this court, I feel no hesitation. It can neither be improper nor injurious to decline an act, for which no authority is perceived.
I am not aware that I have investigated this case under the influence of any jealousy towards the exercise of power in the general government; with any other sensibilities than those resulting from the utmost confidence in it; or in any other spirit than that of the constitution. Many and strong feelings would have persuaded to a different result. There is, however, one effect of admitting the jurisdiction, which I was not unwilling to avoid. The statute gives a writ of error to the Circuit Court of the United States, for the district. This court must there *45 fore have its judgments re-examined there; and is thus placed in the situation, and subject to all the ces of an inferior federal judicature.
Demurrer allowed.